IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BETHANY BLANKLEY<br><br>Plaintiff<br><br>vs<br><br>MARRIOTT CORPORATION,<br>MARRIOTT PR MANAGEMENT<br>CORPORATION;<br>COURTYARD BY MARRIOTT ISLA<br>VERDE BEACH RESORT;<br>CESAR GONZALEZ-CARDONA;<br>SUSAN ROE, and their conjugal<br>partnership;<br>JOHN DOE, JANE DOE, and their conjugal<br>partnership; CORPORATION ABC;<br>INSURANCE COMPANY DEF<br><br>Defendants<br><br>COURTYARD BY MARRIOTT ISLA<br>VERDE BEACH RESORT<br><br>Defendant Third-Party Plaintiff<br><br>vs<br><br>GROUP SERVICES, INC.<br>COOPERATIVA DE SEGUROS<br>MULTIPLES<br><br>Third-Party Defendants | CIVIL 08-2011CCC |

## OPINION AND ORDER

The diversity action before us arises from allegations by Bethany Blankley that, while a guest at defendant Courtyard by Marriott Isla Verde Beach Resort (hotel or Marriott) she was sexually assaulted by César González-Cardona, a concierge at the hotel who, pretending to be a masseuse to gain access to her room, touched her inappropriately under the guise of providing a massage. The hotel then sued González-Cardona's employer, third-party defendant Group Services, Inc. (GSI), the company it hired pursuant to a concession contract to provide tour and travel services for its guests, as well as concierge services at the hotel.

CIVIL 08-2011CCC                    2

Now before the court is Marriott's Motion for Partial Summary Judgment Against Group Services, Inc. (**docket entry 51**), which GSI opposes (docket entry 78-3 ). Marriott claims that

> [u]nder [the Concession Contract], Group Services, Inc., agreed to defend and hold harmless the hotel from any claims against the hotel arising out of the services performed by Group Services. Based on this Hold Harmless clause, the appearing party seeks the entry of Partial Summary Judgment against Group Services, Inc., holding that the allegations in the complaint have triggered Group Services' obligations to the hotel pursuant to the hold harmless clause, that pursuant to said hold harmless clause Group Services, Inc., is liable to the hotel for all legal fees and other expenses incurred in by or on behalf of the hotel in its defense in this case, and that, to the extent the hotel is held liable to plaintiff, and to the extent it is established that in fact [González]-Cardona was hired by Group Services, he passed himself off as a masseuse and assaulted plaintiff, and to the extent the hotel becomes obligated to pay any amount to plaintiff on account of such facts, then Group Service is liable to the hotel for any sum so paid to plaintiff.

Motion, at 2.

GSI opposes the motion arguing that the hold harmless clause does not shift Marriott's liability to GSI nor does it create a duty to defend the hotel; that the Marriott was negligent and assumed responsibility for González-Cardona's conduct; that GSI is not liable for intentional acts of its agents; and that intentional acts are not covered by its insurance policy.

The portions of the Concession Contract relevant to this motion include the following: beyond providing the services related to the tour and travel desk, the contract states, in the second paragraph, "In addition, the Concessionaire will provide Concierge Services for the Hotel." The purported "hold harmless" clause is found at page 2, ¶2 of the contract:

> The Concessionaire must provide a certificate of insurance for products liability and comprehensive general public liability insurance. Said insurance policy must have limits of not less that One Million Dollars ($1,000,000.00). The Concessionaire shall save the Hotel, International Hospitality Management, Inc., International Hospitality Group, Inc., Marriott Worldwide Corporation, Hugh A. Andrews and Eduardo Ferrer

CIVIL 08-2011CCC                                    3

>harmless of any and all claims or demands that may arise as a result of the Concessionaire's fault or negligence or that of its agents or employees for any damages to any person or property.

**Summary Judgment Standard**

Summary Judgment "is proper if the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that the moving party is entitled to a judgment as a matter of law." Rule 56 of the Federal Rules of Civil Procedure; Eileen McCarthy v. Northwest, 56 F.3d 313, (1st Cir. 1995). The non-moving party must establish the existence of at least one factual issue that is both genuine and material to defeat a properly supported motion. Brennan v. Hendrigan, 888 F.2d 129, (1st Cir. 1989).

Although a Court analyzing a summary judgment motion must look at the record in the light most favorable to the non-moving party, the Court may not rely merely on unsubstantiated allegations. Rather, the non-moving party may only overcome a summary judgment motion upon presentation of proof sufficient to raise a genuine issue of material fact. See, Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988); Cruz v. Crowley Towing, 807 F.2d 1084 (1st Cir. 1986). Said another way, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion [...]." Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).

**Applicable Law**

As a civil law jurisdiction, Puerto Rico eschews common law principles of contract interpretation in favor of its own civil code derived from Spanish law. Borschow Hosp. and Medical Supplies, Inc. v. Cesar Castillo Inc., 96 F.3d. 10, 15 (1st Cir. 1996). Article 1233 of the Puerto Rico Civil Code, 31 L.P.R.A. §3471, determines the manner in which the courts should interpret contracts under dispute as to the meaning of their terms. MB Auto Care Management, Inc. v. Plaza Carolina Mall, L.P., 2010 WL 15553418 (D. Puerto Rico 2010)

CIVIL 08-2011CCC                                4

Article 1233 provides:

> If the terms of a contract are clear and leave no doubt as to the intentions of the contracting parties, the literal sense of its stipulations shall be observed. If the words should appear contrary to the evident intention of the contracting parties, the intention shall prevail.

Under Puerto Rican law, an agreement is "clear" when it can be understood in one sense alone, without leaving any room for doubt, controversies or differences of interpretation. Borschow, supra, at 15.

The contract's "hold-harmless" provision is generically vague, allowing for a multitude of interpretations. It contains no agreement whatsoever for Marriott's defense to be provided or paid for by GSI. Nor does it absolve the hotel "from any claims against the hotel arising out of services performed by Group Sales." Rather, the clause refers only to "claims or demands" resulting from GSI or its agents or employees' "fault or negligence." There is nothing in the contract that makes GSI liable for all legal fees or other expenses, or implies that GSI's "obligations" to the hotel are "triggered" merely by "allegations in the complaint" as Marriott alleges.

On the other hand, the contract does not limit GSI's responsibility for its employees only when they are standing at the travel and tour desk, as GSI implies. GSI's lack of control over other areas, addressed by Saul Tanal, GSI's president, in his unsworn statement, are non-issues. Nor does the contract require written notification of incidents; the one- week, written notification is required for replacement of unacceptable employees, which does not seem to be an issue here. Additionally, GSI's liability to third parties is not determined by its insurance coverage, or the exclusions in its policy issued by Cooperativa de Seguros Múltiples, or by the fact that Marriott is not an additional insured under GSI's policy.

In sum, the terms of the contract between the party are too general to allow any specific interpretation that would permit the factual declarations that the hotel seeks.

CIVIL 08-2011CCC                              5

Accordingly, Marriott's Motion for Partial Summary Judgment Against Group Services, Inc. (**docket entry 51**) is DENIED.

    SO ORDERED.

    At San Juan, Puerto Rico, on July 30, 2010.

                                      S/CARMEN CONSUELO CEREZO
                                      United States District Judge